UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONNIE BOWMAN,

           Plaintiff,

    v.

ELDON VAIL, *et al*.,

           Defendants.

Case No.  C10-5266RJB

REPORT AND RECOMMENDATION

NOTED October 8, 2010

       This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

       This matter comes before the court upon plaintiff's request/motion to voluntarily dismiss his complaint (Dkt. # 18 and 20).  After reviewing plaintiff's motion, the pleadings made in support thereof, and the remaining record, the Court should GRANT the motion and dismiss this matter without prejudice.

       Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by

REPORT AND RECOMMENDATION- 1

an adverse party.  Fed. R. Civ. P. 41.  Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment.  Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Miss.1992). Unlike a dismissal pursuant to Rule 41(a)(1), a dismissal pursuant to Rule 41(a)(2) requires court approval and is only effective "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.1989).  When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal.  Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir.1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.1982).

Here, the complaint has been served and defendants have appeared and answered plaintiff's complaint.  (Dkt. # 16 and 17).  Defendants did not file a response to the motion to dismiss the action without prejudice.  Under Local Rule 7 the failure to respond can be considered as an admission the motion has merit.  The court concludes the motion should be GRANTED.

Plaintiff asks the court to discontinue deducting money to pay the filing fee in this case. Plaintiff is an inmate proceeding in forma pauperis.  The Prison Litigation Reform Act requires the court to collect the full fining fee in installments.  The court is not aware of any authority allowing the court to waive payment of the filing fee.

## **CONCLUSION**

Accordingly, plaintiff's request to voluntarily dismiss his complaint (Dkt. 18 and 20 should be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed.

REPORT AND RECOMMENDATION- 2

R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 8, 2010, as noted in the caption.

Dated this 9th day of September, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3